FILED
AUG 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __DELGADILLO__   __JOSE__   __L.__
     (Last)         (First)    (Initial)

Prisoner Number __F03035__

Institutional Address __Tallahatchie County Correctional Facility__
__415 U.S. Highway 49 North Tutwiler, MS. 38963__

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08 3779 JSW (PR)

JOSE LUIS DELGADILLO                    Appeal No. F049455
Full Name of Petitioner                 Case No.(To be provided by the
                                        clerk of court)

E-filing

vs.

People of California                    PETITION FOR A WRIT OF HABEAS CORPUS
Name of Respondent
(Warden or jailor)

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

1

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

| KERN COUNTY SUPERIOR COURT | BAKERSFIELD, CALIFORNIA |
|---|---|
| Court | Location |

(b) Case number, if known  NO. SF012650A
(c) Date and terms of sentence  October 28, 2005
(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes _X_ No __

Where? T.C.C.F. IN MISSISSIPPI      415 U.S. HWY.49 N. Tutwiler
(Name of Institution)              (Address)

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

1. PC 273.5 (a)  2. PC 236 - misd.  3. PC 591  4. 242-misd (LIO)

3. Did you have any of the following?

Arraignment: Yes _X_ No __   Preliminary Hearing: Yes _X_ No __   Motion to Suppress: Yes _X_ No __

3

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

SEE EXHIBIT A & B

4. How did you plead?

Guilty _____   Not Guilty __x__   Nolo Contendere _____

Any other plea (specify) __I WENT THRU TRIAL THEN THE JUDGE SENTENCED ME__

5. If you went to trial, what kind of trial did you have?

Jury __x__   Judge alone _____   Judge alone on a transcript _____

6. Did you testify at your trial? Yes _x_ No ___

7. Did you have an attorney at the following proceedings:

(a) Arraignment         Yes _xx_   No ___
(b) Preliminary hearing  Yes _x_   No ___
(c) Time of plea   Yes _x_         No ___
(d) Trial         Yes _x_   No ___
(e) Sentencing    Yes _x_   No ___
(f) Appeal        Yes _x_   No ___
(g) Other post-conviction proceeding   Yes ___   No ___

8. Did you appeal your conviction? Yes _x_ No ___

(a) If you did, to what court(s) did you appeal?

| | | | | |
|---|---|---|---|---|
| Court of Appeal | Yes _x_ | No ___ | 5th District Ct. | DENIED |
| | | | (Year) = 2006 | (Result) |
| Supreme Court of California | Yes _x_ | No ___ | 2006 | DENIED |
| | | | (Year) | (Result) |
| Any other court | Yes ___ | No _x_ | | |
| | | | (Year) | (Result) |

(b) If you appealed, were the grounds the same as those that you are raising in this petition?   Yes _x_ No ___

(c) Was there an opinion?   Yes _x_ No ___

(d) Did you seek permission to file a late appeal under Rule 31(a)?
Yes ___   No _x_

4

If you did, give the name of the court and the result:

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   Yes ___   No x

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court _____NOT APPLICABLE_____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

II. Name of Court _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

III. Name of Court _____

# PROOF OF SERVICE

## Declaration Of Service By Mail

I, JOSE L. DELGADILLO , declare that I am over the age of eighteen (18) and that I am a party to this action. On JULY 24, 2008 , 2008, I deposited a copy of the following document(s):

In a sealed envelope with postage prepaid into the United States mail outlet via authorized Tallahatchie County Correctional employee at Tallahatchie County Correctional Institution 415 U.S. Highway 49 North, Tutwiler, Mississippi 38963, and addressed as follows:

I declare under penalty of perjury pursuant to 28 U.S.C. §1746, and State Laws, that the foregoing is true and correct and that this declaration was executed at Tallahatchie County Correctional Facility, 415 U.S. Highway 49 North, Tutwiler, Mississippi 38963

DATED: 7-24-08          Signature: _____

# *EXHIBIT A*

This appeal is from a criminal conviction following a Trial-
-by- Jury judgement and sentence were pronounced on October the
28th, 2005. The court denied appellants motions filed by his
Public defender and imposed a total term of 9 years and 4 months
Appellant filed a proper petition for writ of habeas Corpus
with the Fifth Appellate District on December 27th, 2005 which
the court construed was a fair sentence given the defendant and
denied all his appeals for leniency.

Now the defendant is filing pro-per claiming that the sentence
is grossly disproportionate to the offense under the rights of
the Eighth Amendment.

Right to a Trial by Jury, Use of a prior conviction, are just
part of what the defendant is arguing in this writ of habeas
corpus he is filing.

I AM BY FAR NOT AN ATTORNEY So I HOPE that the court is aware
that Im just doing what is at my disposal and hope that you
can appoint me legal representation.

                    SINCERELY

                    JOSE L. DELGADILLO # F03035

                    CASE NUMBER:F049455

                    (SUPERIOR COURT # SF012650A)

Jose L. Delgadillo, # F03035

Soledad Stae Prison c/o Tallahatchie

County Correctional Facility (Out-of-State)

415 Highway 49 North

Tutwiler, Mississippi 38963

  re: People vs. Delgadillo, Appeal # F049455

 I waived my rights to a jury trial after my jury trial
The charges were all dropped to lesser offenses, and me and my lawyer both felt that it would be O.K. if we just went to a trial by judge on the remaining charges.

 According to my public defender (Mr. Alex Byers) " I had won my case because I wasn't struck out." I had a prior strike the court claimed was from 1990.

 I felt that since the judge sat thru the whole trial just just and heard what the jury heard (which there were a lot of un- truths spoken about me) and the jury did not belive the pros- ecutor ( as a matter of fact most of the jurist were asleep when the prosecutor would speak). That it woul be allright to let the judge decide my fate not realizins that it was a mistake because he sentenced me to the maximum sentence that I could recieve.

 After I realized my mistake and I told my public defender it was to late and they took me back to court a few more times where I refused to talk anymore and they wnt ahead and sentenced me anyway.

      (Page 1 of 2)

...Then I was taken back to court because as I was told by my lawyer (Mr. Alex Byers) that the Prosecution had said to him that 9 years and 4 months sentence that I had already recieved was not enough and that they felt that I sholud get one more year and that I should get 85% instead of 80% with in other words they wanted me to do 10 years with 85 percent I then asked Mr. Byers what he thought about it and he said to me point blank that yes I should recieve one more year because I didn't get enough time ( I was being betrayed).

    Then for some reason they said something about the "interest of justice" and they dropped the charge and they sent me to prison.

    When I asked my fianc'e who was the victim in my case to call Mr. Byer's and ask him if he was going to appeal "his answere was "Your crazy and he's crazy and don't call nomore" of course she cried because of his insult and tahnks to a little bit of luck I found some papers in my cell which happened to be a writ of habeas corpus and I filled it out and sent it in and it reached Fresno (5th appellate District) one day before my deadline of 60 days expired.

                       (Page 2 of 2)

Jose L. Delgadillo No. F-03035
               Appeal Number F049455

Why should a Judge be able to give you an exceedingly high sentence after a Jury Trial due to the past crimes of the defendant even though it was 15 or 20 years when their was no strikes and the defendant completed his sentence and succesfully completed his parole. This is a fact underlying an enhancement of the sentence to being tried twicw for a past charge qualifying it as a double duty or double jeopardy.

When the defendant is taken to his first court or pre-limanary the tactic of fear is introduced by the prosecutor by charging the defendant with multiple charges carrying 60 to 80 years as in my case then asked if I would take a deal for just one or two of the charges and the amount of time greatly reduce, this is a tactic of fear used today to get a defendant to plead guilty to what the prosecutor wants to have him charged with which still is much higher than what the defendent deserves.

So when I chose to go to Trial knowing that I'm facing 80 years for a multiple of false charges if I lose in that Trial I will receive that amount of time should prove that I strongly feel that I'm being falsely accused of to many cahrges or a sane defendant would accept a plea-bargain.

I was facing life in prison all motions were denied including the Romero act to drop the strikes of 1990, Cunnigham case which says the jury not the judge should presume the innocense or guilt of a defendant was all for naught.

I was found guilty of one felony and 2 Misdeameanors after it was all over and my attorney (Mr. Byers, A public defender) said that I won because I didnt receive another strike and that my sentence wont be the minimum of two years or the medium sentence of 4 year and that I would most likely carry 6 years but instead received 9 years 4 months by the Judge not the jury due to aggravating circumstances and allowed no mitigating circumstance whatsoever.

Californias detrminate sentencing law (DSL) which authorizes the Judge , not he jury to find facts bya preponderance of the evid--ence exposing a defendant to an elevated upper term sentence violates a defendants right to trial by jury.U.S.C.A. Consti--tution Amendments Sixth and Fourteenth.

The determinate sentencing law by placing sentence-elevating fact finding within the judge's province, violates a defendnts right to trial by jury safeguarded by the U.S. Constitution.

Sentencing for past crimes even though past crimes were not brought up in Trial and the presiding judge only heard what the jury heard as evidence and nothing more or nothing less

The defendant must be given the middle term and that only a jury cuold decide to give the defendant the upper term and the defendant should not receive a sentence above a standard range for his case which carried by far less considrably less time under the given circumstances. Its unconstitutional when you have served your time for a crime that you committed whwn there was no strikes and the Judge uses it to double your sentence.

Whats proven to a jury and then twisted by the judge is nullifying the Trial by Jury concept of this great countries judicial system.

I am challenging the fact and duration of my sentence with the federal courts because I have exhausted the remedies available in the State Courts (both in th 5th district in Fresno Calif.) and the California Supreme Court). What the lower courts are in actuality sayin or doing is if you dont have a strike in your past record you could murder somebody and get less time than a defendant that has a strike for a far less serious crime.

What the courts are saying is that if the evidence presented aginst the defendeant does not stand up in court so they go back to past charges have something to go by to enhance the present charge plan "A" didnt work so they resort to plan "B".

California is incarcerating the poor only because with a public defender that has to handle so many cases is overwhelmed so they also have to settle for the judges decision and dont or should I say given the means to continue the fight for the defendant due to time and money that is alloted for each defendant.

Nothing was ever prove there was insufficient evidence Kangaroo Courts are returning to California and the art of manipulating the system and instilling fear in a defendant that has very poor representation in court to accomplish something illegal by legal means should be called a mistrial because in the mindset of our lower courts today the proper application of the law is being applied to people that are not guilty of anything but belong to a class that is guilty of everything due to their financial status.

T

# EXHIBIT B

```
         In the Court of Appeal for the
         state of California 5th Appellate
                    District

         Defendant and Appellant Jose L. Delgadillo

         Appeal No. F-049455

         Kern County Superior Court NO. SF012650A

         Statement of Appealability
         --------------------------
```

This appeal is from a criminal conviction following trial by jury. It finally disposes of all issues between the parties and is appealable under Penal Code Section 1237


The trial Court erred in failing to instruct the jury that they must unanimously agree on the factual basis for battery as a lesser offense to count two.


Subsequently on the district attorneys motion, the court dismissed count three in the interest of justice (C.T. 302-303)


Judgement and sentence were pronounced on October 28, 2005 (C.T. 279-280) The court denied appellants motions filed by his public defender and imposed a total term of 9 years 4 months, the upper term.


Appellant filed a proper petition for writ of habeas corpus with this court on December 27, 2005 which this court construed as a timely notice of appeal (C.T. 304-305)

Jose L. Delgadillo
October 26, 2006
Page 8

CONFIDENTIAL
ATTORNEY-CLIENT PRIVELEGED
COMMUNICATION

Imposition Of The Upper Term For Count Two and A Consecutive Term For Count Eight Violated The Rights To Due Process And Trial By Jury Because It Was Not Based On Facts Found By The Jury Beyond A Reasonable Doubt.

Appelant argued that imposition of the upper term for count two and a consecutive term for count eight was error under Blakely v. Washington (2004) 542 U.S. 296 [124 S. Ct.-- L. Ed. 2d 435] and Apprendi v. New Jersey (2000) 530 U.S. 466 [120 S. Ct. 2348, 147 L. Ed. 2d 435]. (AOB, pp. 31-37.) Respondent replies that People v. Black (2005) 35 Cal. 4th 1238, rejecting the same arguments, is controlling. (RB, pp. 16-17.) Respondent is correct. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal. 2d 450, 455.) Appelant raised the issue solely to preserve it for federal review.

Conclusion

For the foregoing reasons, respondent has failed to overcome appellant's showing that he is entitled to relief due to instructional and sentencing error. Accordingly, count seven must be reversed due to the trial court's failure to instruct on the need for juror unanimity regarding the factual basis for the conviction and because count seven is a lesser included offense of count two. In the alternative, if the count seven conviction is affirmed, then the sentence for it should be stayed under Penal Code section 654.

Dated: October 23, 2006; Respectfully submitted, Kat Kozik, Attorney on Appeal for Jose Luis Delgadillo

******

This letter was a response ~~[redacted]~~ from my lawyer over some concerns I had regarding the progress of my appeal in the 5th district court of appeals in Fresno, California.

People v. Jose L. Delgadillo
Kern County Superior Court Number SF012650A;

5TH District Court Appeal Number F049455


Jose L. Delgadillo, No. F-03035
Soledad State Prison
Central Training Facility
P.O. Box 705
Soledad, Calif. 93960-0705

Presently in Out-Of-State Facility:
Tallahatchie County Correctional Facility
415 U.S. HIGHWAY 49 NORTH/M-B 23up
Tutwiler, Mississippi 38963


My public Defender was Alexander J. Byers, DPD
Kern County
1315 Truxtun Avenue
Bakersfield, California 93301

The Judge was The Honorable Clarence Weatra, Jr.
Kern County Superior Court
1415 Truxtun Avenue
Bakersfield, Calif. 93301-4172

District Attorney
Kern County
David R. Zulfa, DDA
1215 Truxtun Avenue
Bakersfield, Calif. 93301

My Appellate Lawyer was Kat Kozik
P.O. BOX 8445
Berkely, Calif. 94707
510-524-4020

The Appeals Court of the State of California
Fifth Appellate District
2525 Capitol Street
Fresno, Calif. 93721-2227
Leisa V. Biggers
Clerk Administrator
Tele. # 559-445-5491
Fax. # 559-445-5769


( TO WHOM IT MAY CONCERN: For Your Information Only)

Sincerely: *[signature]*
Date: July 24, 2008